UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**JULIAN MAURICE SLOCUM** **PLAINTIFF**

**V.** No. 3:22-cv-00007-JMV

**KILOLO KIJAKAZI,**
*Acting Commissioner of Social Security* **DEFENDANT**

**FINAL JUDGMENT**

This cause is before the Court on the Plaintiff's complaint pursuant to 42 U.S.C. § 405(g) for judicial review of an unfavorable final decision of the Commissioner of the Social Security Administration regarding an application for Title II disability insurance benefits. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit. For the following reasons, the case is remanded.

**I.    Administrative History**

Plaintiff applied for a period of disability and disability insurance benefits, alleging an onset date of December 18, 2020. Tr. at 141-55. Plaintiff was 42 years old on the day that he filed his application. Tr. at 24, 141. He has a college degree and previously worked as an engineer, a dental technician, a recruiter, and a training specialist. Tr. at 24. Plaintiff asserted that he was unable to work due to hypertension, asthma, obstructive sleep apnea, migraines, lumbar radiculopathy, anxiety, post-traumatic stress disorder, plantar fasciitis, knee arthritis, and tinnitus. Tr. at 197. Plaintiff's application was denied initially and upon reconsideration. Tr. at 16. The ALJ held a hearing and ruled that Plaintiff was not disabled. Tr. at 13-53. The Appeals Council denied Plaintiff's request for review. Plaintiff then filed a civil action in this Court.

## II. Medical Evidence

In January of 2021, Plaintiff saw Dr. Lisa Mahoney, a neurologist, at the VA Medical Center. Tr. at 630. Plaintiff told the doctor that he had two migraine headaches per week that usually lasted four to five hours. His medication, Rizatriptan, was no longer providing adequate headache relief. Plaintiff stated that his headaches were accompanied by nausea, vomiting, and photophobia. His headaches were relieved by resting in the dark and by sleep. Dr. Mahoney reviewed an earlier MRI showing that Plaintiff had simple bilateral mastoid effusions with sinus inflammation and non-specific punctate white matter foci. Tr. at 631-32. The doctor prescribed Depakote to prevent migraines and directed Plaintiff to take Rizatriptan for headache relief. Tr. at 632.

In May of 2021, Plaintiff had an appointment with Teressa Lang, P.A. Tr. at 605. He stated that he had been suffering from migraines since 2016. His headaches were associated with nausea and photophobia. The headaches lasted for five to six hours and occurred three to four times per week. Plaintiff noted that he often had an aura of flashing lights prior to the headaches. He stated that Rizatriptan helped to take the edge off his pain. Ms. Lang prescribed Imitrex and increased Plaintiff's dose of Depakote. Tr. at 609. Plaintiff followed up with Ms. Lang in August of 2021. Tr. at 783. He stated that he was having two to three headaches per week that lasted five to six hours. He often had an aura of flashing lights prior to his headaches. He had been taking Depakote, which did not help his headaches but did improve his anxiety. He also had been taking Sumatriptan with mild effect. Tr. at 784. Plaintiff was alert and attentive, and a neurological examination was non-focal. Tr. at 786-87. Ms. Lang increased Plaintiff's dose of Imitrex and added a prescription for propranolol. Tr. at 787.

## III. Hearing Testimony

Plaintiff testified that he had migraine headaches three to four times per week. Tr. at 38-39. His headaches lasted for five to six hours and were accompanied by nausea and sensitivity to light. Tr. at 39. He noted that he had to lie down in a dark room to relieve his symptoms. Tr. at 39. Plaintiff stated that his treating provider had prescribed preventative medications, but he had not noticed any benefit from those medications. Tr. at 39. Plaintiff also submitted a headache diary covering the period from December 21, 2020, to August 21, 2021. Tr. at 295-99. Plaintiff had experienced 97 headaches during that period. His level of pain ranged from a six out of ten to a ten out of ten in severity. His headaches were preceded by nausea and were triggered by light and sound. Plaintiff's medications sometimes provided him with moderate relief, but more often the medications resulted in small relief or no relief.

## IV. The ALJ's Decision

The ALJ issued a decision denying Plaintiff's application for benefits. Tr. at 13-32. The ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform light work, as defined in 20 C.F.R. § 404.1567(b), with the following additional limitations. Tr. at 20. Plaintiff could occasionally perform postural activities. He could not climb ladders, ropes, or scaffolds. He would need to avoid exposure to hazards or heights. Plaintiff could perform frequent reaching and handling but no overhead reaching. He was restricted to simple, routine, and repetitive tasks. He could not concentrate for more than two hours without a break. Plaintiff could only occasionally have contact with coworkers, supervisors, or the public. Changes in the workplace would need to be infrequent and gradually introduced. The ALJ concluded that Plaintiff's limitations prevented him from performing his past relevant work. Tr. at 24. At step five of the sequential evaluation process, the ALJ found that Plaintiff could perform other jobs in the

national economy, such as work ticket distributor, racker, or cotton classer aide. Tr. at 24-25. Therefore, the ALJ ruled that Plaintiff was not disabled. Tr. at 25-26.

In this case, the ALJ concluded that the evidence did not support Plaintiff's testimony about Plaintiff's migraine headaches:

> [W]hile the evidence documents migraine headaches, the frequency documented in the treatment notes ranges from occasional to 2-3 times per week. The claimant submitted a headache log that shows about 100 logged headaches this calendar year, but treatment notes do not support this degree of severity of duration. Further, treatment has been conservative, with slight adjustments in medication.

Tr. at 23.

## V. Law and Analysis

Judicial review under 42 U.S.C. § 405(g) is limited to two inquiries: (1) whether substantial evidence in the record supports the Commissioner's decision and (2) whether the decision comports with proper legal standards. *See Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994) (quoting *Richardson v. Perales*, 402 U.S. 389 (1971)). "It is more than a mere scintilla, and less than a preponderance." *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir. 1993) (citing *Moore v. Sullivan*, 919 F.2d 901, 904 (5th Cir. 1990)). "A decision is supported by substantial evidence if 'credible evidentiary choices or medical findings support the decision.'" *Salmond v. Berryhill*, 892 F.3d 812, 817 (5th Cir. 2018) (citations omitted). The court must be careful not to "reweigh the evidence or substitute . . . [its] judgment" for that of the ALJ, *see Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988), even if it finds that the evidence preponderates against the Commissioner's decision. *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994); *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988).

Plaintiff asserts the ALJ's findings are not supported by substantial evidence because the treatment notes document the frequency of migraine headaches during the relevant period as occurring from 2 to 4 times a week. Also, Plaintiff states that the ALJ's assertion that Plaintiff's headache log shows about 100 headaches this calendar year is incorrect as the diary actually reflects 97 headaches over an 8-month period, which is an average of 3 headaches per week and is consistent with 2 to 4 headaches per week as reflected in the treatment notes. Finally, Plaintiff asserts the ALJ erred in stating that Plaintiff's testimony was unreliable because he had received only "conservative" treatment such as slight medication adjustments. *See* Tr. at 23. Plaintiff points out medications are the primary method used to treat severe migraines because a migraine disorder is not amenable to treatment through more aggressive treatment options such as surgery.

The record does not show that there were any other treatment options available that could have improved Plaintiff's migraines. *See* Tr. at 605-10, 630-32. The ALJ's suggestion that there were other, more aggressive options available to Plaintiff is not supported by anything in the treatment notes. Moreover, the record shows that Plaintiff's treating providers did more than make slight adjustments to his medication. Rather, they changed his medications or altered the dosage because his medications were not very effective. In January of 2021, Dr. Mahoney added a prescription for Depakote because Plaintiff's Rizatriptan was no longer providing adequate headache relief. Tr. at 632. In May of 2021, Ms. Lang had to add a prescription for Imitrex and increased Plaintiff's dose of Depakote. Tr. at 609. Later that year, Plaintiff reported that Depakote was not helping his headaches, so Ms. Lang increased Plaintiff's dose of Imitrex and added a prescription for propranolol. Tr. at 787. These adjustments demonstrate that Plaintiff's medications were not effectively relieving Plaintiff's headaches. Finally, Plaintiff notes his

photophobia and need to lie down in a dark area would prevent him from working on days when he suffers from headaches. Tr. at 39, 605, 630.

In response, the Commissioner states that the ALJ noted that Plaintiff in January 2021 had 2 to 3 migraines weekly, lasting up to 4 hours and followed by nausea and sensitivity to light; reported to his providers migraines occurring 3 to 4 times a week in May 2021; and that in August 2021, he claimed headaches occurring 2 to 3 times a week lasting for 5 to 6 hours. Tr. at 23 (citing 605, 1516). Further the Commissioner notes the ALJ considered Plaintiff's hearing testimony indicating that he experienced headaches 3 to 4 times a week that lasted for 4 to 6 hours, and that they made him very sensitive to light and nauseated such that he had to lie down for 5 to 6 hours when they occurred. Tr. at 23. But, as the Commissioner states, the ALJ determined, that while the evidence documented migraine headaches, the frequency was "occasional to 2 to 3 times per week." Tr. at 23. As for treatment, the Commissioner affirms the ALJ's determination that Plaintiff's treatment was only "conservative with slight adjustments in medication" but does not offer a factual basis for that assessment. The Commissioner also asserts the SAMCs' February and April 2021 reviews resulting in a less restrictive light RFC finding than that assigned by the ALJ in his determination nevertheless provide substantial support for the ALJ's conclusion that Plaintiff's migraines were severe, but not disabling. Tr. at 24, 55-67. Finally, the Commissioner argues that Plaintiff's medical records also reflect treatment for migraines predating his alleged onset date thus suggesting that Plaintiff was able to work despite his migraines.

By way of reply Plaintiff points out that aside from repeating the ALJ's conclusory statement that Plaintiff migraine treatment was conservative with slight adjustments in medication, neither the commissioner nor the ALJ ever offered any factual basis to support that

assertion. On the other hand, Plaintiff does set out a factual basis for his contrary assertion. Additionally, there is no factual basis offered for the suggestion – if not contention – that there was, in fact, some less conservative treatment option for Plaintiff's condition that could have been prescribed if his complaints were credible.

As for the commissioner's reliance on the SMACs' February and April reports, Plaintiff points out that neither of those non-examiners had available the balance of his medical records for 2021, which demonstrated a worsening of Plaintiff's migraine condition and accordingly changes to his treatment regimen, not just slight dosage modifications.

The undersigned agrees with the foregoing assertions of Plaintiff and further finds that in this case the ALJ himself concluded Plaintiff was suffering from migraines, on a weekly basis, of occasional to two or three times each week. And there is no evidence offered to suggest that on these acknowledged occasions the migraines would last other than for many hours and be accompanied by nausea and sensitively to light such that Plaintiff would have to lie down during them. In other words, based on the ALJ's own assessment of weekly lengthy migraines – even if not occurring as many as 4 times a week – I find that the RFC is not supported by substantial evidence because it makes no accommodation at all for the weekly occurrence of lengthy migraines with accompanying light sensitivity and nausea.

### VI. Conclusion

Accordingly, this case is remanded so that the ALJ may revaluate Plaintiff's migraine headache disorder.

**SO ORDERED** this, the 3rd day of October, 2022.

/s/ Jane M. Virden
United States Magistrate Judge